IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERTO YARDO, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:18-CV-3024-S-BK |
| | § | |
| CITIMORTGAGE, INC., ET AL., | § | |
|     DEFENDANTS. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the district judge's *Standing Order of Reference*, this case has been referred to the undersigned for pretrial management. Doc. 6. Pending before the Court is Defendant CitiMortgage, Inc.'s *Motion to Dismiss*, Doc. 3. For the reasons stated here, the motion should be **GRANTED.**

**I. BACKGROUND**

This dispute, originally filed in state court, concerns the property located at 5656 North Central Expressway, Unit 405, in Dallas, Texas. Doc. 1-2 at 3-4. On November 1, 2018, Plaintiff, through counsel, filed his *Original Petition and Request for Temporary Restraining Order*, Doc. 1-2, alleging claims for or under (1) the Home Affordable Modification Program ("HAMP"), (2) "Waiver of Acceleration of the Note in Accepting Plaintiff's Late Payments," (3) "the Breach Letter," and (4) the Texas Property Code ("TPC"). Doc. 1-2 at 6-8. Plaintiff also requested a temporary restraining order. Doc. 1-2 at 9. Defendant thereafter removed the case to this Court, Doc. 1, and now moves for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure and sanctions under Rule 13 of the Texas Rules of Civil Procedure. Doc. 3.

Plaintiff was required to file a response, if he opposed the relief requested, by December 4, 2018, but failed to do so. *See* N.D. TEX. L. CIV. R. 7.1(e). Moreover, on March 1, 2019, the Court ordered Plaintiff to address his failure to respond by showing good cause in writing by March 22, 2019, but Plaintiff failed to do so. Doc. 11. Plaintiff thereafter filed an "unopposed" motion to dismiss his case, without conferring with Defendant, Doc. 12, Doc. 13 at 1, and Defendant in fact opposes that motion. Doc. 13. Notwithstanding Plaintiff's failure to file a response, his claims fail on their merits.

## II. LEGAL STANDARD

A party may move for judgment on the pleadings after the pleadings are closed and when it would not delay trial. FED. R. CIV. P. 12(c). "A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. Myspace, Inc.,* 528 F. 3d 413, 418 (5th Cir. 2008). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Id.*

## III. PARTIES' ARGUMENTS AND ANALYSIS

### a. Home Affordable Modification Program

Defendant argues Plaintiff's claim under HAMP should be dismissed because (1) HAMP has been expired for nearly two years and (2) "HAMP affords no private right of action." Doc. 4 at 5. Defendant is correct—HAMP does not provide a private right of action. *Pennington v.*

*HSBC Bank USA, N.A.,* 493 Fed.Appx. 548, 552-553 (5th Cir. 2012) ("HAMP affords no private right of action"). Accordingly, Plaintiff has failed to state claim for relief, and this claim should be dismissed.

### b. The Breach Letter

Defendant argues Plaintiff's reference to a "breach letter" "is uselessly vague." Doc. 4 at 5. Specifically, to the extent Plaintiff pleads a breach of contract claim, Defendant argues Plaintiff's *Petition* (1) "failed to identify the specific contractual provision that was breached," (2) "acknowledge[d] failure to perform under the Note by missing payment deadlines," and (3) "did not specify what damages [Plaintiff] suffered and how those damages were caused by a breach of contract." Doc. 4 at 5.

Under Texas law, to prevail on a breach of contract claim, a plaintiff must show "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff as a result of the defendant's breach." *Williams v. Wells Fargo Bank, N.A.,* 884 F.3d 239, 244 (5th Cir. 2018) (citation omitted). Moreover, in a breach of contract claim arising out of a deed of trust, a plaintiff must specifically state a contractual provision that has been breached. *Williams v. Wells Fargo Bank, N.A.,* 560 Fed.Appx. 233, 238 (5th Cir. 2014). Plaintiff has not specified any contractual term that has been violated by Defendant. Consequently, Plaintiff has failed to state a claim for breach of contract, and this claim should be dismissed.

### c. Plaintiff's Claim Under the Texas Property Code

Defendant asserts that Plaintiff's claim under the TPC should be dismissed because (1) it is "fatally vague," and (2) "Plaintiff has provided no evidence that Defendants have subsequently foreclosed on the Property". Doc. 4 at 6. Although unclear, it appears that in his *Petition*,

Plaintiff argues Defendant failed to comply with the TPC's "notice of default and intent to accelerate" requirements. Doc. 1-2 at 8. Section 51.002(d) of the TPC provides:

> "[T]he mortgage servicer of the debt shall serve a debtor in default under a deed of trust or other contract lien on real property used as the debtor's residence with written notice by certified mail stating that the debtor is in default under the deed of trust or other contract lien and giving the debtor at least 20 days to cure the default before notice of sale can be given under Subsection (b)."

TEX. PROP. CODE ANN. § 51.002(d) (2017).

To the extent Plaintiff attempts to state a claim under that section, such a claim is baseless because section 51.002(d) does not provide a private cause of action. *See Rucker v. Bank of Am., N.A.,* 806 F.3d 828, 830 n.2 (5th Cir. 2015) ("federal district courts . . . seem to conclude that Section 51.002(d) does not intend an independent private cause of action"); *see also Hicks v. R.H. Lending, Inc.,* No. 3:18-CV-0586-D, 2019 WL 1556101, at *6 (N.D. Tex. Apr. 10, 2019) (Fitzwater, J.) (same). Moreover, Plaintiff does not state facts alluding to any other section of the TPC. Consequently, Plaintiff has failed to state a claim for relief, and this claim should be dismissed.

### d. Waiver of Acceleration of the Note

Plaintiff contends Defendant waived its right to accelerate on the basis of Plaintiff's late payments because Defendant previously accepted late payments. *See* Doc. 1-2 at 7. Defendant argues Plaintiff's claim for waiver of acceleration warrants dismissal because the contractual agreement among the parties contains a non-waiver clause. Doc. 4 at 6.

4

The Deed of Trust[1] provides that "[a]ny forbearance by [Defendant] in exercising any right or remedy . . . shall not be a waiver of or preclude the exercise of any right or remedy." Doc. 5 at 17. The United States Court of Appeals for the Fifth Circuit has repeatedly upheld these "non-waiver provisions" as valid to operate at their face value. *See Martin v. Fannie Mae*, 814 F.3d 315 (5th Cir. 2016) (holding that bank's acceptance of payments after default of borrower does not waive right to foreclose based on deed of trust's non-waiver provision); *Williams*, 560 F.App'x at 239-40 (holding that extensions of time for payment did not waive right to accelerate and foreclose based on deed of trust's non-waiver provisions).

Therefore, Plaintiff's argument—that Defendant waived its right to accelerate because it accepted Plaintiff's tardy payments—contradicts the plain language of the parties' Deed of Trust and is unavailing. Accordingly, Defendant's acceptance of late payments did establish a course of dealing or waive any rights under the Deed of Trust, and this claim should be dismissed.

### e. Injunctive Relief

A request for injunctive relief "absent an underlying cause of action is fatally defective." *Thomas v. EMC Mortg. Corp.*, 499 Fed. Appx. 337, 343 n. 15 (5th Cir. 2012). Because all of Plaintiff's underlying claims should be dismissed for the reasons outlined here, his request for injunctive relief necessarily fails.

---

[1] The Court may examine the Deed of Trust, because Plaintiff refers to it in his *Petition*, Doc. 1-2 at 3, and it is central to his claim. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000).

### f. Sanctions

Defendant argues Plaintiff's claims warrant sanctions because (1) Plaintiff counsel's "identical claims have been determined frivolous so many times they have been subject to multiple sanctions warnings," (2) "[t]here is no reasonable way to interpret the petition other than a groundless filing in bad faith," and (3) "in another similar foreclosure delay suit [Plaintiff's counsel] were ordered to pay $2,000.00 as a sanction" for their filings. Doc. 4 at 7. Moreover, Defendant cites to "more than thirty lawsuits" where Plaintiff's counsel "asserted substantially identical allegations" and were warned of potential sanctions. Doc. 4 at 4.

Federal courts apply "state sanctions rules to pleadings filed in state court before removal." *Tompkins v. Cyr,* 202 F.3d 770, 778 (5th Cir. 2000). Under Texas Law, "[t]he signatures of attorneys or parties constitute a certificate by them that . . . to the best of their knowledge, information, and belief formed after reasonable inquiry the instrument is not groundless and brought in bad faith." TEX. R. CIV. P. 13. This rule is "meant to prohibit and punish baseless filings or filings made for improper purposes, such as harassment or delay." *Vinewood Capital, LLC. v. Shepard Mullin Richter & Hampton, LLP,* 735 F.Supp.2d 503, 525 (N.D. Tex. Aug. 19, 2010). "Rule 13 grants courts the discretionary power to impose sanctions, after notice and hearing, on parties who, in their pleading, motion, or other paper, make statements that 'they know to be groundless and false, for the purpose of securing a delay of the trial of the cause.'" *D&T Trading, Inc. v. Kin Properties, Inc.*, No. 3:15-CV-0252-L-BK, 2015 WL 12732366, at *6 (N.D. Tex. Aug. 5, 2015) (quoting TEX. R. CIV. P. 13).

Prior to the imposition of sanctions, the Texas Rules of Civil Procedure require adequate notice and hearing on the sanctions issue being raised. *Bedding Components Manufactors, LTD. v. Royal Sleep Products, Inc.*, 108 S.W.3d 563, 564 (Tex. App.—Dallas 2003, no pet.) (requiring

a hearing on sanctions issue for compliance with Rule 13); *McCain v. NME Hospital, Inc.*, 856 S.W.2d 751, 757 (Tex. App. —Dallas 1993, no writ) ("Rule 13 requires the trial court to hold an evidentiary hearing to make the necessary factual determinations about the motives and credibility of the person signing the alleged groundless petition.").

In order to dispose of this case in the most expeditious manner, and because no opportunity for hearing has yet been given in this Court, Plaintiff's request for sanctions should be **DENIED**.

### IV. CONCLUSION

For the foregoing reasons, Defendant's *Motion to Dismiss*, Doc. 3, should be **GRANTED** to the extent stated herein**,** and this action should be **DISMISSED WITH PREJUDICE** in its entirety, and this case closed.

**SO RECOMMENDED**.

June 19, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE